# Staunton.

BARBOUR v. GRIMSLEY, JUDGE.

September 17, 1907.

1. CONSTITUTIONAL LAW—*Acts of Doubtful Validity.*—The federal constitution is a grant of power by the states to the federal government. The state. constitution is simply a restraining instrument, and the legislature of the state has all legislative powers not forbidden by the state or federal constitution; and, while this court has power to declare an act of the legislature unconstitutional, it will never do so unless the act is *plainly* unconstitutional. All doubts are resolved in favor of the constitutionality of such acts.

2. CONSTITUTIONAL LAW—*Construction—Read as a Whole—Commissioners of Revenue—Appointment.*—The constitution of the state is to be construed as a whole, and effect given to every sentence of it, if possible. So construing the present constitution, and reading the clauses dividing the powers of the government into legislative, executive, and judicial, and forbidding any person to exercise the powers of more than one at the same time, in connection with section 110 providing that commissioners of the revenue shall be elected or *appointed,* as the *General Assembly may provide,* the latter provision may be regarded as an exception to the general-rule, and an act of assembly authorizing circuit courts, or the judges thereof in vacation, to appoint commissioners of the revenue is not unconstitutional on the ground of being an unwarranted commingling of powers.

3. CONSTITUTIONAL LAW—*Act of Doubtful Validity—Practical Construction.*—If a statute conferring upon courts or judges the power to appoint certain officers is of doubtful validity, it will not be declared unconstitutional where it appears that, under the same or similar constitutional provisions, like powers have been conferred by similar statutes which have never been called in question by the courts, nor by two constitutional conventions which have since assembled, but have received the sanction of the legislature, and the inferior courts of the state, and have been acquiesced in for over half a century by all the departments of the state government.

The practical construction thus put upon such acts will be regarded as decisive of their validity.

4. CONSTITUTIONAL LAW—*Commingling Powers.*—The provision of the constitution dividing the powers of government into legislative, executive, and judicial, and forbidding any person to exercise the power of more than one of them at the same time, does not forbid the legislature to confer upon a court or judge the power to exercise legislative or executive duties to a limited extent. Governments could not exist if the inhibition on the intermingling of such powers in one person or body were strictly, literally, and unyieldingly applied in every situation.

5. CONSTITUTIONAL LAW—*Commissioners of Revenue—Appointment.*— Upon the principles stated in the foregoing paragraphs, the act of assembly conferring upon circuit courts and the judges thereof in vacation the power to appoint commissioners of the revenue for the several counties of the state is not unconstitutional.

Original application for a writ of prohibition.

*Denied.*

The petition for the writ is as follows:

*"To the Honorable Judges of the Supreme Court of Appeals of Virginia:*

"Your petitioner, John S. Barbour, respectfully shows unto your honors:

"Ist. That he is a citizen of the state of Virginia, a resident of Culpeper county within said state, and an owner of real and personal property liable to and assessable for taxation therein.

"2nd. That Daniel A. Grimsley is a resident and property owner and tax-payer within the same county and state and is judge of the circuit court of Culpeper county, and as such is constantly exercising the powers of the judicial department of the government of Virginia.

"3rd. That the county of Culpeper is divided into two revenue districts, one called the Eastern District and the other the Western District, and there is at present a commissioner of

the revenue duly elected by the people and qualified for each of said offices and authorized to discharge the duties of their respective offices until their successors are elected and qualify.

"4th. That it is the declared purpose and the intent of said Daniel A. Grimsley, judge as aforesaid, either in term time or in vacation of his court and prior to the first day of October, 1907, to undertake to appoint a commissioner of the revenue for each of said districts in succession to the incumbents which would be the exercise of a power properly pertaining to either the legislative or executive departments.

"5th. That his warrant and authority for his intended action is to be found in the provision of chapter 168 of the acts of assembly of Virginia for the year 1906 (Acts 1906, pp. 251-2), purporting to amend section 92 of the Code of Virginia by directing the appointment of commissioners of the revenue by the circuit court of their respective counties or by the judges of such courts in vacation at some time between the first day of July and the first day of October in the year 1907.

"6th. That said act of assembly is contrary to section 5 of the constitution, which provides that the legislative, executive and judiciary departments of the state should be separate and distinct, and is also contrary to section 39 of the constitution, which provides that 'except as hereinafter provided the legislative, executive and judiciary departments shall be separate and distinct, so that neither shall exercise the powers properly belonging to either of the other, nor any person exercise the power of more than one of them at the same time,' and therefore confers no warrant or jurisdiction to the said judge or his court to make said appointments.

"7th. That there is no other provision in the constitution permitting the judges of courts to appoint commissioners of the revenue.

"For these reasons, your petitioner prays that this honorable court may issue its writ of prohibition directed to the honorable

Daniel A. Grimsley, judge of the circuit court for Culpeper county, prohibiting him or his said court from attempting to make the appointments aforesaid by virtue of the act of assembly aforesaid.

"And your petitioner will, as in duty bound, ever pray, etc.

(SIGNED)            "JNO. S. BARBOUR,

                                    *"Petitioner."*

The answer of Judge Grimsley admits the facts set out in the petition, but denies the invalidity of the statute under which he proposes to act, and, among other reasons, sets forth the following:

"IV. Respondent, as advised, further says that while it may have been held in some jurisdictions, as in the state of Indiana, that the appointment of officers is an executive function which under the provisions of the constitutions of those state, cannot be lawfully devolved upon or exercised by a judge, or by the legislatures of those states, the provisions of section 39 of the Virginia constitution are essentially different from those of the constitutions of the states in which such exercise of the appointing power by the legislature or by a court or judge of such state has been held to be in contravention of the inhibition of the constitution of such state.

"V. He is further advised that in this state, both under the present and under the former constitution (the provisions of which in this regard were similar to those of the present constitution—See article II of constitution, 1851, and article II of constitution of 1869), such powers have been and are now in numerous instances devolved upon the courts and the judges thereof, in a large number of cases, of which the following may be cited as illustrations, all taken from statutes now in force, but many of which had their counterparts in the statutes in force under the two previous constitutions:

"1. The act empowering the circuit courts, or the judges thereof, to appoint superintendents of the poor. Section 95 of Code of 1904.

"2. Act for the appointment of county surveyor. *Id.*

"3. Act for appointment of members of board of pension commissioners. Clause 12 of section 382a, *Id.*

"4. Act for appointment of assessors of lands. Sec. 437, Code of 1904, as re-enacted in acts of 1906.

"5. Act for appointment of commissioner in chancery to cast deciding vote where there is a tie in boards of supervisors. Sec. 832, *Id.*

"6. Act for appointment of conservators of the peace at watering places and colleges, etc. Sec. 3929, *Id.*

"7. Act for appointment of pilot commissioners for Elizabeth City county. Sec. 1955, *Id.*

"8. Act for appointment of ballast masters. Sec. 1991, *Id.*

"9. Act for appointment of harbor commissioners. Section 2008, *Id.*

"10. Act for appointment of game wardens. Sec. 2070b, *Id.*

"11. Act for appointment of commissioners in chancery. Section 3319, *Id.*

"12. Act for appointment of inspectors of jails. Section 929, *Id.*

"13. Act authorizing appointment of coroners. Sec. 891, *Id.*

"14. Act authorizing appointment of commissioners of accounts. Sec. 2671, *Id.*

"15. Act empowering said courts to remove city and county officers for malfeasance, etc. Sec. 821, *Id.*

"16. Also acts which confer upon said court the power to direct the erection and repair of jails. Secs. 931-933, *Id.*

"And other statutes of like character to those here referred to.

"He is advised and charges that these and other like powers have been again and again, through a period of more than fifty years, conferred upon and exercised by the courts of the state, or

the judges thereof in vacation, by numerous statutes enacted
under the constitutions which contained the same provisions
which are expressed in sections 5 and 39 of the present constitu-
tion, and that the validity of these statutes, and of the ap-
pointments made and acts done under them, have never been
questioned; that the present constitution was framed and
adopted by a convention, the members of which are presumed to
have known that such laws had been enacted, and such functions
exercised thereunder by said courts and by the judges thereof,
and yet in writing article III, section 39, of the present con-
stitution they failed to modify the language of article II of
the constitutions of 1851 and 1869, so as to make them con-
form to the provisions of the Indiana constitution, or otherwise
plainly to prohibit any officers whose duties were chiefly or
generally connected with one of the great departments of gov-
ernment from exercising any of the powers which were usually
assigned to the officers whose duties were specially related to
either of the other departments.

"Respondent is advised that the facts and circumstances men-
tioned in this paragraph have a two-fold importance in the con-
sideration of the question presented in this cause.

"First: They indicate the magnitude and importance of this
question; for if the acts empowering said judges and courts to
appoint commissioners of the revenue are invalid, then all, or
certainly nearly all, of the long list of statutes above mentioned,
and others of similar characteristics, are by the same token
equally null and void, as are or may be all of the appointments
and acts of said judges and courts made and done under said
statutes. The confusion and injury to the commonwealth which
would result from such a condition would be calamitous.

"This consideration does not, of course, bear upon the ques-
tion of constitutional law raised by the petition, further than to
demonstrate the serious character of this case, and the import-
ance that it shall receive the most careful and patient considera-

tion of the court and of counsel, and that the present conditions shall not be changed and uprooted, unless it shall be demonstrated beyond a rational doubt that the act in question is plainly repugnant to the constitution of the state.

"Second: And which he is advised is, as a proposition of law, a more potential inference to be drawn from the long line of legislation and of unchallenged practice thereunder above referred to, is that these statutes, the principle they embody, and the practice thereunder, have thus received the repeated and long continued sanction of legislative construction, the positive approval of the circuit and corporation courts, and the acquiescence of all of the departments of the state government, in one form or another; so that, as respondent is advised, to now adopt another rule of practice, of procedure, and of law, in the matter of all of these appointments and acts of like purport and character, would be not only a disastrous but a revolutionary proceeding, however plausible the technical arguments which may be adduced in its support. He is advised that the principle of the doctrine of *stare decisis* applies with tremendous force to the case thus presented for the adjudication of this honorable court.

"VI. But respondent is advised, and shows your honors, that the very constitution upon which the petitioner relies, in unmistakable and unqualified terms, confers upon the general assembly plenary power in its untramelled discretion to prescribe the manner in which the commissioners of the revenue shall be appointed, in the event that the General Assembly shall provide for their appointment instead of their election by the people.

" 'There shall be elected or appointed for four years, *as the General Assembly may provide,* commissioners of the revenue for each county, the number, duties, and compensation of whom shall be prescribed by law.'

"Such is the pregnant and potential language of section 110, article VII, of the constitution.

"The meaning and effect of this language is, as respondent

is advised, to empower the general assembly to select whatever mode and medium of appointment it may sanction for making these appointments, and in the lawful exercise of the powers thus broadly conferred the General Assembly, in the exercise of its supreme discretion, has chosen to prescribe that these officials shall be appointed by said circuit courts, or the judges thereof in vacation.

"Thus the constitution here provides one of the numerous exceptions to the general rule laid down in section 39, and which is saved by the very terms of that section, which commands that the separation of the departments of government need not be observed where it is otherwise thereinafter provided in that instrument. A similar provision is made in section 119, in reference to the election or appointment 'in the manner provided by law,' of commissioners of revenue for the cities.

"VII. Respondent is advised that, according to the rule absolutely settled by the repeated adjudications of this court, the General Assembly of the state is not only supreme, but 'omnipotent,' except where its powers are curtailed by the limitations of the state or the federal constitution, and that a statute duly enacted by that body will be presumed to be valid and constitutional unless it is shown or appears to be unconstitutional beyond a reasonable doubt; that every presumption arises in favor of the constitutionality of such a statute, and every doubt in regard thereto must be resolved in favor of its validity.

"And he is further advised that the preponderance of reason, of precedent, of argument, and of authority is in favor of the validity of the statute sought to be impeached in this proceeding; and that in no view of the case can it be fairly claimed that that enactment is clearly and beyond a rational doubt unconstitutional and invalid.

"Invoking the legal presumption of validity so often approved by this court, he respectfully submits that the act in question should be sustained and the prayer of the petitioner denied."

*John S. Barbour,* for the petitioner.

*Attorney-General William A. Anderson,* for the respondent.

BY THE COURT.

This day came again the parties by counsel, and the court having maturely considered the transcript of the record of the petition aforesaid and arguments of counsel, is of opinion, for reasons set forth in paragraphs four, five, six and seven of the answer of the Honorable Daniel A. Grimsley, judge of the circuit court of Culpeper county, and upon the authority of *Brown* v. *Epps,* 91 Va. 726, 21 S. E. 119; *Smith* v. *Bryan, Mayor,* 100 Va., 199, 40 S. E. 652, and *Henrico County* v. *City of Richmond,* 106 Va., 282, 55 S. E. 683, that the prayer of the petitioner for a writ of prohibition be denied; and that the respondent recover of the petitioner his costs in this behalf expended.

*Writ denied.*