# Richmond.

## WOODALL v. CITY OF LYNCHBURG.

March 12, 1902.

. Absent, Whittle, J.

1. MUNICIPAL CORPORATIONS—*Taxation—Extent of Power—Reasonable-ness.*—The grant to a municipal corporation of a general power of taxation is a grant by the Legislature of all the power possessed by itself in respect to the imposition of taxes, and the municipality can impose taxes, in its discretion, upon all subjects within its jurisdiction not withheld from taxation by the Legislature, whether they be taxed by the State or not. The amount of such tax is solely within the discretion of the municipality, and the court can make no enquiry as to the reasonableness thereof. In the case in judgment, the grant which was held to be unlimited, and to warrant a tax to any amount on a labor agent, was as follows: "The Council may impose a tax on . . . agents of all kinds. As to all such persons or employments, the Council may lay a direct tax, or may require a license therefor, under such regulations as it may prescribe, and levy a tax thereon."

Error to a judgment of the Circuit Court of the city of Lynchburg, rendered January 17, 1901, in an action of assumpsit, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

The city claimed an unlimited power of taxation by reason of chap. 8, sec. 5, of its charter, which, so far as it need be quoted, is as follows, to-wit:

"The Council may impose a tax on . . . agents of all kinds. . . . As to all such persons or employments, the

Council may require a license therefor, under such regulations as it may prescribe, and levy a tax thereon."

The second count of the declaration, amongst other things, alleged that the tax imposed upon him was in restraint of trade, and that it was unreasonable, excessive, oppressive, and unfair, and was and is without authority of law, a palpable attempt on the part of the City Council to prohibit the plaintiff from engaging in a useful and legitimate business and occupation licensed by the State. The general counts in the declaration were stricken out, and the case heard on special counts only. To this declaration and to each count thereof there was a demurrer. The grounds of demurrer relied on are as follows:

1st. That trespass on the case in assumpsit is not the proper action by which to assert plaintiff's claim.

2d. That the levying of the license tax of $500 on the plaintiff is legal, and neither the propriety of levying such tax nor the amount thereof can be inquired into by the court.

3d. Even if such tax was excessive and its collection illegal it cannot be recovered back, because:

(a) It was not paid under compulsion.

(b) The city had a right to impose some tax on the employment of an agent for hiring labor, and at least a part of the tax was proper, certainly the whole of it was not illegal.

*Beasley & Moon*, for the plaintiff in error.

*Wilson & Manson*, for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This is an action of assumpsit, brought by plaintiff in error against the city of Lynchburg, to recover five hundred dollars alleged to have been illegally exacted of him by way of license tax for the privilege of conducting business as a labor agent. There are three counts in the declaration. The important alle-

gations are that the plaintiff in error was duly licensed by the State to carry on the business of labor agent, and that for this privilege the State license fee was $25; that for the same year he applied to the city of Lynchburg for the privilege of conducting the business within its jurisdiction, and was required to pay $500 for such license, the city having theretofore only charged $30 for such privilege. It is further alleged that the ordinance of February 23, 1900, under which the license tax of five hundred dollars was collected, is illegal and of no effect, because it imposes a tax on a legitimate and useful occupation, already licensed by the State, so high as to be a restraint upon trade—unreasonable, excessive, oppressive and unfair—and was and is without authority of law; a palpable attempt on the part of the City Council to prohibit the plaintiff from engaging in a useful and legitimate business and occupation licensed by the State, under the guise of an ordinance purporting to impose a license tax for the purpose of raising revenue, but having for its real object the prohibition and suppression of such business; and having been enacted by said Council for that very purpose, and not for the purpose of raising revenue for said city; without authority of law, accomplishing such object and purpose; for the plaintiff avers that he cannot pay said tax and prosecute such business in the city of Lynchburg at a profit.

It is further alleged that the tax was paid under protest, and under threats of the penalties imposed by the ordinance (a fine of not less than five dollars nor more than twenty dollars per day for each day that plaintiff might conduct the business of labor agent without license).

The defendant in error demurred generally to the declaration, and the demurrer was sustained. This judgment of the Circuit Court we are asked to review.

The ordinance complained of was passed in pursuance of the authority vested in the city by chapter 8, sec. 5, of the revised charter of Lynchburg (Acts 1895-6, p. 213-4). This language

has been repeatedly construed and held to confer upon the city the general power of taxation, except only as it may be limited by the laws of the State, or of the United States, and to include all powers and subjects of taxation. *Newport News & Old Point Rwy. & E. Co.* v. *City of Newport News, ante* p. 157. This legislative grant of power to the City Council of Lynchburg is without limitation as to the amount of tax to be imposed. That matter is left solely to the discretion of the Council.

It is settled law that where the Legislature confers upon a municipality the general power of taxation, it grants all the power possessed by itself in respect to the imposition of taxes, and the city can then impose taxes, in its discretion, upon all subjects within its jurisdiction not withheld from taxation by the Legislature, whether they be taxed by the State or not. *Norfolk* v. *Norfolk Landmark Co.*, 95 Va. 564; *Newport News Rwy. Co.* v. *Newport News, supra.*

The power of the Council of the city of Lynchburg to impose the tax complained of must, therefore, be regarded in the same light as if an act of the Legislature imposing such tax was called in question.

The power of taxation is a most important and delicate trust, and, under our system of government, rests with the legislative and not with the judicial department, and its province cannot be invaded by the courts. As was said by Chief Justice Marshall: "It is unfit for the judicial department to inquire what degree of taxation is the legitimate use, and what degree may amount to the abuse, of the power."

Mr. Justice Cooley, in his admirable work on Constitutional Limitations, says: "The power to impose taxes is one so unlimited in force and so searching in extent, that the courts scarcely venture to declare that it is subject to any restrictions whatever, except such as rest in the discretion of the authority which exercises it. . . . No attribute of sovereignty is more pervading, and at no point does the power of the government

affect more constantly and intimately all the relations of life
than through the exactions made under it. . . . Chief-Justice
Marshall has said of this power: 'The power of taxing the peo-
ple and their property is essential to the very existence of gov-
ernment, and may be legitimately exercised on the objects to
which it is applicable to the utmost extent to which the gov-
ernment may choose to carry it. The only security against the
abuse of this power is found in the structure of the government
itself. In imposing a tax, the Legislature acts upon its consti-
tuents. This is, in general, a sufficient security against erroneous
and oppressive taxation.' " After quoting the foregoing ob-
servations from Judge Marshall, the learned author adds: "The
like general views have been frequently expressed in other
cases." Cooley on Const. Lim. (6th ed.), pp. 587-8.

Again, in *Weston* v. *Charleston,* 2 Peters, 449, 466, Chief-Jus-
tice Marshall says: "If the right to impose a tax exists, it is a
right which, in its nature, acknowledges no limits. It may be
carried to any extent within the jurisdiction of the State or cor-
poration which imposes it, which the will of such State or cor-
poration may prescribe."

These principles have been repeatedly approved and applied
by this court. *Ould & Carrington* v. *City of Richmond,* 23
Gratt. 464; *Commonwealth* v. *Moore & Goodsons,* 25 Gratt.
951; *Commonwealth* v. *Maury,* 82 Va. 888; *Norfolk* v. *Norfolk
Landmark Co., supra,* and other cases.

In the case of *Commonwealth* v. *Moore & Goodsons, supra,*
involving the constitutionality of a license tax imposed by the
State upon merchants, the court says: "If the legislation com-
plained of is unjust and unequal, unwise and oppressive, to any
particular class (about which we express no opinion), the
remedy for unwise and oppressive legislation, within constitu-
tional bounds, is by an appeal, not to the courts, but to the jus-
tice and patriotism of the representatives of the people. If this
fails, the people, in their sovereign capacity, may correct the

evil. But the courts cannot assume their fights. In the language of Chief-Justice Marshall: 'The wisdom and justice of the representative body, and its relations with its constituents, form the only security, when there is no express limitation, against excessive taxation, and unwise legislation generally.' "

It will be observed that the declaration in the case at bar concedes the authority of the City Council under its charter to assess the plaintiff in error with a license tax for the privilege of conducting his occupation of labor agent. The complaint is that the amount of the tax imposed is so excessive and burdensome that the plaintiff in error cannot prosecute his business of labor agent at a profit. If it be true that the tax complained of is excessive and oppressive, as to which we express no opinion, the relief sought would compel the court to determine what degree of tax was reasonable. This would be for the court to assume legislative functions which it has no authority to exercise.

For these reasons the judgment of the Circuit Court must be affirmed.

*Affirmed.*