## Wytheville.

### BLANCHARD v. CITY OF BRISTOL.

#### June 26, 1902.

1. MUNICIPAL CORPORATIONS—*License Taxes—Penalties—City of Bristol.*—
The city of Bristol has the power, both under the general law
(Code, section 1040) and under its charter, to impose a license tax
on lawyers; and the power to impose fines and penalties for a
failure to pay a license tax is not only an incident of the power to
levy the tax, but, in the case at bar, is expressly conferred by the
charter of the city. Acts 1899-1900, page 639.
2. MUNICIPAL CORPORATIONS—*O r d i n a n c e s—Enforcement—Prescribed
Method.*—Where the charter of a municipal corporation prescribes
the manner in which its by-laws and ordinances are to be en-
forced that method, as a general rule, is exclusive, and must be
pursued.

Error to a judgment of the Corporation Court of the city of
Bristol, rendered September 16, 1901, on an appeal from the
Police Justice of said city imposing a fine of $12.50 on the plain-
tiff in error for practising law in said city, without having first
paid the license tax imposed by the city.

*Affirmed.*

The opinion states the case.

*W. S. Hamilton, J. S. Ashworth* and *H. W. Sutherland,* for
the plaintiff in error.

*S. V. Fulkerson,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This is a writ of error to a judgment of the Corporation Court of the city of Bristol, affirming a judgment of a police justice of that city inflicting a fine upon the plaintiff in error for a violation of an ordinance imposing a license tax upon him as an attorney-at-law.

It appears that the City Council had adopted an ordinance imposing a graduated license tax on lawyers for the privilege of practising their profession within the city limits, and providing that any lawyer who engaged in the practice without having first obtained a license therefor, should be fined not less than five dollars nor more than twenty-five dollars a day for each offence.

Plaintiff in error had paid the State license tax for the period in question, but refused to pay the license tax required by the ordinance, and was fined for its violation.

There can be no doubt of the authority of the city to impose the tax complained of in this case. Section 1040 of the Code provides that, in addition to the State tax on any license, the Council of a city or town may, when anything for which a license is so required is to be done within the city or town, impose a tax for the privilege of doing the same, and require a license to be obtained therefor. And the charter of the city empowers the Council to require a license from lawyers, and to levy a tax thereon and impose a fine for any violation of the ordinance making the exaction. Acts 1899-00, secs. 64, 65, p. 639.

The power of the General Assembly to authorize municipal corporations to impose and collect a license tax from lawyers and others for the privilege of practising their profession and carrying on business in the corporation has repeatedly received the sanction of this court. *Ould & Carrington* v. *The City of Richmond*, 23 Gratt. 464; *City of Petersburg* v. *Cocke*, 94 Va. 244, and cases cited.

While the authority of the city to require plaintiff in error to pay a license tax is denied, the main contention seems to be that,

if such tax was lawfully imposed, it must be collected as property taxes are collected, by distress or levy, and not indirectly by fine and imprisonment.

The argument advanced is that the power to license involves, in its exercise, the power to prohibit without such license, and that such power, vested in a municipal corporation, is incompatible with the rights conferred upon attorneys by their general license to practice their profession in any and every part of the State.

The same argument was urged in the "Lawyer's Case," (23 Gratt. 464), but without avail.

That case was twice argued by lawyers of great ability, and received the most careful consideration of this court.

In the case of *Humphreys* v. *City of Norfolk*, 25 Gratt. 97, the court sustained the authority of the city to exact a license tax from a foreign insurance company having an agency in the city, and to impose a fine for its non-payment. The provision of the charter in that case was substantially, if not literally, the same as that contained in section 69 of the charter of the city of Richmond construed in the "Lawyers' Case."

In the case of *Frommer* v. *City of Richmond*, 31 Gratt. 646, the validity of an ordinance of the city, imposing a license tax upon a butcher's wagon employed in transporting meats from slaughter-pens outside the city to his stall in one of the city markets, and the imposition of a fine for the refusal to pay the tax, was upheld.

The reports of this court abound with illustrations of that principle, but a further citation of adjudged cases is deemed unnecessary.

The capacity to impose fines and penalties for a failure to pay a license tax is not only an incident to the power to levy such tax, but, as has been remarked, in the case in judgment, is expressly conferred by the charter of the city.

The general rule is that, where the charter or organic act pre-

scribes the *particular manner* in which the by-laws and ordinances of a municipal corporation are to be enforced, that method is exclusive and must be pursued. 1 Dill. Mun. Cor. (4th ed.), sec. 339.

The judgment complained of is plainly right and is affirmed.

*Affirmed.*