## Wytheville.

### GORDON BROTHERS v. CITY OF NEWPORT NEWS.

#### JUNE 16 1904.

#### Absent, Harrison, J.

1. LICENSE TAX—*Power to Impose—Newport News—Tailors.*—The city of Newport News has the power under its charter to impose a license tax on tailors and merchant tailors. The power of the Legislature to impose a license tax is only limited by the constitutional provision declaring that it "may levy a license tax upon any business which cannot be reached by the *ad valorem* system," and whether it can or cannot be so reached is primarily a question for the Legislature to determine, and its decision will not be disturbed by the courts except in case of a plain deviation from the constitutional requirement. This power the Legislature may confer in whole or in part upon a municipal corporation. It has been conferred to its full extent upon the city of Newport News.

2. NEWPORT NEWS—*License Tax—Poll Tax—Tailors.*—The license tax imposed by the city of Newport News on tailors and merchant tailors is not a poll tax. The amount is unaffected by the number of the firm or company by which the business is conducted.

Error to a judgment of the Corporation Court of the city of Newport News, affirming the judgment of the Police Justice imposing a fine on the plaintiffs in error for conducting business without a license.

*Affirmed.*

The opinion states the case.

*Raymond M. Hudson,* for the plaintiff in error.

*J. A. Massie,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

Plaintiffs in error were fined by a police justice of the city of Newport News for carrying on the business of tailors and of merchant tailors without license, in violation of section 83 of the license ordinance of that city. Upon appeal the judgment of the police justice was affirmed by the Corporation Court, and the case is here upon writ of error to the judgment of affirmance.

There is no denial of the fact that plaintiffs in error are, as partners, conducting the business referred to without license; but it is insisted that the ordinance requiring such license is invalid, and that the judgment complained of is, therefore, erroneous.

A license upon trade or business can only be justified upon one of two grounds—either it is a tax upon the occupation, or else it is a police regulation.

In the former case the legality of the exaction depends upon its compliance with constitutional limitations upon the power of taxation; while in the latter, its warrant rests upon the prevention of threatened evil. This controversy involves merely the consideration of the first branch of the subject.

In this Commonwealth the power of taxation is vested in the legislative department of the government, and, subject only to constitutional restrictions, may be exercised to the utmost extent with respect both to the subjects of taxation and the amount of tax. It extends "to every trade or occupation; to every object of industry, use or enjoyment; to every species of possession." Cooley on Constitutional Limitation, p. 678; *Ould & Carrington* v. *City of Richmond,* 23 Gratt. 464, 14 Am. Rep. 139.

The authority of a municipal corporation to impose a license tax on trades, professions and callings depends upon its charter,

and the crucial test in such case is, whether that instrument contains a grant of the power sought to be exercised. If it does contain such grant, an ordinance passed in pursuance of it occupies the same plane with an act of the Legislature.

In *Woodall* v. *City of Lynchburg,* 100 Va. 318, 40 S. E. 915, this court held: "The grant to a municipal corporation of a general power of taxation is a grant by the Legislature of all the power possessed by itself in relation to the imposition of taxes, in its discretion, upon all subjects within its jurisdiction not withheld from taxation by the Legislature, whether they be taxed by the State or not."

The ruling in the case of *Newport News & Old Point Ry. & Elec. Co.* v. *City of Newport News,* 100 Va. 157, 40 S. E. 645, is to the same effect. In that case the court was construing the charter now under consideration, and holds, that it confers upon the city all the powers possessed by the State in respect to the imposition of taxes, and that it can, in its discretion, impose taxes upon all subjects within its jurisdiction, amenable to tax by the State, whether actually taxed by it or not. The court also holds that: "A city charter which authorizes a license tax upon certain pursuits therein named,· and 'upon all other business and pursuits upon which a license tax is levied by the State, and such other business as is lawful,' confers the power to impose a license tax on a street railway company, though not specifically named."

So also in the yet more recent case of *City of Norfolk* v. *Griffith-Powell Co., ante* p. 115, 45 S. E. 889, the court observes: "We think it follows from what has been said that an ordinance which imposes a tax in a city clothed with full power of taxation, stands on the same footing with an act of the Legislature, and the courts, looking alone at the power to tax, will consider the ordinance without reference to the tax imposed by the Legislature. If the Legislature could have imposed the tax, but for reasons satisfactory to itself refrained from doing so, that will

not invalidate the ordinance in the absence of the expressed or necessarily implied intention to withdraw the subject from taxation, or to require that it shall be taxed only in a particular mode."

Article IV., sec. 10, of the Constitution of 1869 (Article XIII., sec. 170, of the present Constitution) provides, that the General Assembly may levy a license tax upon any business which cannot be reached by the *ad valorem* system.

The Legislature, or a municipality possessing full powers of taxation under its charter, must decide primarily whether a particular business can or cannot be reached by the *ad valorem* system; and, with the exercise of their discretion, the courts may not interfere, except in case of a plain departure from the constitutional requirement. The question is one of power and not of policy, so far as the courts are concerned; and they are without authority to control legislative discretion, even if in their opinion it is violative of sound principles of political economy, unless in its exercise it contravenes some provision of the Constitution of the State, or of the United States. Subject only to that limitation, the discretion of the legislative department of the government, in the administration of the fiscal affairs of the Commonwealth is exclusive and supreme.

The Legislature has for years exacted a license tax from merchant tailors, as in case of other merchants, for the privilege of carrying on their business (Acts 1899-1900, p. 858), and the power to impose a similar tax on the business of tailors cannot be doubted in light of the repeated decisions of this court in cognate cases. The contention that a tailor carries no stock and does not do a business, but simply labors for a living, exercising an inherent right and not a privilege, is not sustained by the conceded facts of this case. It is admitted that plaintiffs in error have a place of business, that they employ journeymen tailors to assist them, and conduct a regular tailoring business in the city. But were the facts otherwise, the objection would

apply with more or less force in case of lawyers, physicians, dentists, auctioneers, surveyors, butchers, bakers, barbers, and the like. Yet it is matter of common knowledge that the tax-bills of cities and towns throughout the Commonwealth embrace these avocations and many other of like kind.

Neither is the contention that the tax constitutes a poll-tax, sound. On the contrary, the amount of the exaction is unaffected by the number of individuals who may compose the firm or company by which the business is conducted.

It follows from these views that the judgment complained of is without error and must be affirmed.

*Affirmed.*