# Richmond.

Norfolk & Western Railway Co. v. Town of Suffolk.

January 26, 1905.

1. Municipal Corporations—*General Power of Taxation—License Tax of Railroad Company.*—A power conferred on a municipal corporation to require a license tax for "any business, trade, occupation, calling or any other thing," for which the State does or may require a license, is a general power of taxation, subject only to such limitations as are imposed by the Constitution of the State or of the United States, and under it a municipal corporation could, under the Constitution of 1869, impose a license tax on a railroad company doing business in said corporation. It was immaterial that the railroad company was obliged to operate its road through the corporation in order to discharge its duties, since the ordinance imposing the tax does not make its payment a condition precedent to the right of the company to carry on its business.

2. Municipal Corporations—*General Power of Taxation—Constitutional Law—Ad Valorem Tax.*—A municipal corporation, with a general power of taxation, must decide primarily whether a particular business can or cannot be reached by the *ad valorem* system, and its decision will not be disturbed by the courts, except in case of plain departure from the constitutional requirement. The fact that the State taxed the property of a company on the *ad valorem* basis did not, under the Constitution of 1869, debar a municipal corporation, having a general power of taxation, from imposing a license tax on the same company for the privilege of doing business within its limits.

Error to a judgment of the Circuit Court of Nansemond county, affirming, on appeal, a judgment of the Mayor of the town of Suffolk, imposing a fine on the plaintiff in error for doing business in said town without a license.

*Affirmed.*

The opinion states the case.

*Geo. S. Bernard, Joseph I. Doran* and *Legh R. Watts,* for the plaintiff in error.

*J. U. Burges,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This controversy involves the construction of section 18 of the charter of the town of Suffolk, and the validity of an ordinance passed in pursuance thereof, imposing a license tax of $50 on the plaintiff in error for the privilege of conducting its business in that town.

The language of the charter pertinent to this enquiry is as follows: "Whenever any business, trade, occupation, calling or any other thing is to be done within the town of Suffolk for which a State license is or may, under the Constitution of this State, or the Constitution and laws of the United States, be required, the Council may require a town license to be had for doing the same."

Conceding the soundness of the proposition that the intention of the State to clothe a municipal corporation with a portion of its own sovereignty in the matter of levying taxes must be manifested in plain and unambiguous terms, the court is, nevertheless, of opinion that the phraseology of the charter in question measures up to that requirement. Language, substantially the same as that employed in this instance, has been so repeatedly and so recently construed by this court to confer upon a municipality a general power of taxation, subject only to such limitations as may be imposed by the Constitution of the State, or of the United States, that a discussion of the subject would be unprofitable. *Ould & Carrington* v. *City of Richmond,* 23 Gratt. 464, 14 Am. Rep. 139; *Humphreys* v. *City of*

*Norfolk,* 25 Gratt. 97; *City of Norfolk* v. *Norfolk Landmark Co.,* 95 Va. 564, 128 S. E. 959; *Newport News, &c. R. Co.* v. *City of Newport News,* 100 Va. 157, 40 S. E. 645; *Woodall* v. *City of Lynchburg,* 100 Va. 318, 40 S. E. 915; *Blanchard* v. *City of Bristol,* 100 Va. 469, 41 S. E. 948; *City of Norfolk* v. *Griffith-Powell Co.,* 102 Va. 115, 45 S. E. 889; *Gordon* v. *City of Newport News,* 102 Va. 649, 47 S. E. 828.

It is sought, however, to distinguish this case from the foregoing authorities on the theory that the Legislature cannot be presumed to have intended to authorize the town of Suffolk to impose upon the plaintiff in error a license tax, enforcible by fine, for doing a business which it was required by statute to transact under pain of forfeiture. (The sections of the Virginia Code, 1887, relied on, sections 1200 and 1201, have since been repealed. *Acts* 1904, p. 55.)

The argument is more specious than sound, and carried to its logical conclusion would have afforded a ready means of escape from taxation to a large class of businesses of a *quasi* public nature, for the exercise of which a license tax might have been imposed under the Constitution of 1869. For example: Ordinary keepers, express, telegraph and telephone companies, street railroad companies, and the like.

The statute is declaratory merely of the common law duty of transportation companies; and for a failure to discharge that duty, independently of statute, they would be liable in damages to any person injuriously affected by the omission. The differentiating features, therefore, between a railroad company and other common carriers is that for a failure to discharge the duties enumerated in section 1200 the former was, in addition to its common law liability, amenable, under section 1201, to a forfeiture of not less than $25 nor more than $100, recoverable by the injured party by motion or action. So far, consequently, as the argument that the Legislature cannot be presumed to

have intended to delegate to the town of Suffolk authority to demand a license tax of a railroad company for doing that which the law required it to do is concerned on principle the argument is equally applicable to all other public service corporations.

That the business of railroad companies may be subjected to a license tax is distinctly declared in the cases of *Anniston* v. *Southern Ry. Co.*, 112 Ala. 557, 20 South. 915, and *Florida Cent. R. R. Co.* v. *City of Columbia* (S. C.), 32 S. E. 408.

In *Wiggins Ferry Co.* v. *East St. Louis*, 107 U. S. 376, 27 L. Ed. 419, 2 Sup. Ct. 265, it was said "that the power of the State to authorize any city within its limits to enforce a license tax on trades or callings generally, especially those which are *quasi* public, cannot be disputed; and that whether a license fee is exacted under the power to regulate or the power to tax, is a matter of indifference if the power to do either exists." See also *Postal Tel.-C. Co.* v. *City Council of Charleston*, 152 U. S. 692, 38 L. Ed. 871, 14 Sup. Ct. 1094.

It must be observed that the ordinance under consideration does not make the payment of the license tax a condition precedent upon which the right of the plaintiff in error to carry on its business depends. It merely imposes the tax, and the ability to fine for a violation of the ordinance is a remedial incident of the original power. *Blanchard* v. *City of Bristol, supra.*

This is made plain by the case of *Home Ins. Co.* v. *City of Augusta*, 93 U. S. 122, 23 L. Ed. 825, where, in discussing the character of a license tax, the court said: "This court (in the *License Tax Cases*, 5 Wall. 462, 18 L. Ed. 497) held that the payment required was a special tax, levied in the manner described; that the penalty provided was a mode of enforcing its payment; and that the license, when issued, was only a receipt for the tax. . . . In the ordinance in question the tax is

designated 'a license tax,' but its payment is not made a condition precedent to the right to do business. No special penalty is prescribed for its non-payment, and no second license is required to be taken out. Had the ordinance been otherwise in these particulars, we have seen, viewing the subject in the light of the *'License Tax Cases,'* that the result would have been the same."

Finally, it is insisted that if the Legislature, by section 18 of the charter, intended to give the town council power to require a railroad company to take out a license and pay a tax for the privilege of doing business therein, the section is unconstitutional, because contrary to the provisions of section 4 of Article X. of the State Constitution.

That section, it will be recalled, after authorizing the levy of a license tax upon certain specified businesses, concludes, "and all other businesses that cannot be reached by the *ad valorem* system."

With respect to the foregoing provision, this court said, in *Gordon* v. *City of Newport News, supra.* "The Legislature, or a municipality possessing full powers of taxation under its charter, must decide primarily whether a particular business can or cannot be reached by the *ad valorem* system; and with the exercise of their discretion, the courts may not interfere, except in case of a plain departure from the constitutional requirement. The question is one of power and not of policy, so far as the courts are concerned; and they are without authority to control legislative discretion, even if in their opinion it is violative of sound principles of political economy, unless in its exercise it contravenes some provision of the Constitution of the State, or of the United States. Subject only to that limitation, the discretion of the legislative department of the government in the administration of the fiscal affairs of the Commouwealth is exclusive and supreme."

It not only cannot be affirmed that the imposition of a license tax on the business of the plaintiff in error is "a plain departure from the constitutional requirement," but, under similar charters, such action on the part of city councils has been sanctioned by this court in the analogous cases of *Newport News, &c. R. Co.* v. *City of Newport News, supra,* and *Postal Tel.-Cable Co.* v. *City of Norfolk,* 101 Va. 125, 43 S. E. 207.

In the latter case, the court said: "A city ordinance imposing a privilege tax on a telegraph company is not in conflict with section 4, Article X., of the Constitution of the State, permitting the Legislature to impose a license tax on any business which cannot be reached by the *ad valorem* system. The tax imposed by the ordinance is a tax imposed upon the privilege of doing business in the city and is wholly different from a property tax. It is immaterial that the State taxes the property of the company on the *ad valorem* system. The two subjects of taxation are wholly different, and both may be taxed without being obnoxious to the objection that it is double taxation."

The above authorities show conclusively that the last contention is without merit and cannot be maintained.

It must be remembered that this case arose under the Constitution of 1869, and what has been said with respect to the power of the defendant in error to impose the license tax in question has no reference to a case arising under the present Constitution.

For these reasons the judgment of the Circuit Court of Nansemond county is without error, and must be affirmed.

*Affirmed.*