# Richmond.

Scottish Union and National Insurance Co. and Others *v.* City of Winchester.

November 18, 1909.

Absent, Buchanan and Cardwell, JJ.

1. Constitutional Law—*Taxation—License Tax—Percentage of Receipts—Insurance Companies.*—An act of Assembly which levies upon an insurance company a license tax for a definite sum and also a percentage on its gross receipts, is not forbidden by that clause of the State Constitution which authorizes the General Assembly to levy a license tax on any business which cannot be reached by the *ad valorem* system. The percentage tax is not a property tax, but a privilege tax. Such has been the uniform legislative construction of such taxation for more than half a century, and such has been the course of decision in this court imposing similar taxation in analogous cases.

2. Constitutional Law—*Doubtful Validity—Practical Construction.* If a statute is of doubtful validity it will not be declared unconstitutional where it appears that, under the same or similar constitutional provisions, like powers have been conferred by similar statutes which have never been called in question by the courts, nor by two constitutional conventions which have since assembled, but have received the sanction of the legislature and the inferior courts of the State, and have been acquiesced in for over half a century by all the departments of the State government. The practical construction thus put upon such acts will be regarded as decisive of their validity.

3. Constitutional Law—*License Taxes—Ad Valorem System.*—There is no substantial difference between the Constitutions of 1869 and 1902 in relation to the imposition of taxes on licenses on business which cannot be reached by the *ad valorem* system.

Appeal from a decree of the Circuit Court of Frederick county. Decree for defendant. Complainant appeals.

*Affirmed.*

The opinion states the case.

· *Barton & Boyd,* for the appellant.

' *R. Gray Williams,* for the appellee.

Whittle, J., delivered the opinion of the court.

This suit was brought to enjoin the city of Winchester from imposing a license tax on appellants for conducting the fire insurance business in that city, on the ground that the ordinance is repugnant to Art. XIII, sec. 170 of the State Constitution of 1902. This appeal was allowed from a decree dismissing the bill on demurrer.

The tax bill, Appendix to Va. Code, 1904, sec. 23, p. 2201, provides: "That the specific license tax upon every such company for the privilege of doing business in the State shall be two hundred dollars a year, and in addition thereto a sum equal to one and one-quarter *per centum* upon the gross amount of all assessments, premiums, dues and fees collected or received, or obligations taken therefor, derived from its business in·this State. . . ."

It is conceded that the city may impose taxes upon all subjects taxed by the State, and consequently if the act of the legislature is constitutional, the ordinance in question which imposes upon such companies a license tax of fifty dollars and one and one-half *per centum* on gross receipts, is also valid.

Appellants' objection extends only to the specific feature of the tax which they denominate a "license tax," and not to the graduated portion, which it is insisted constitutes an *ad valorem* tax, and affords conclusive proof that the business can be reached by that system; and, if capable of being so reached, a license tax may not be constitutionally imposed.

If this question were *res integra,* we should have no difficulty in holding that the percentage clause is not a property tax, but a privilege tax. Such has been the uniform legislative

construction with respect to this species of taxation for more than half a century. When the Constitution of 1869 was adopted the legislature was habitually imposing both a specific sum and a percentage tax upon receipts of insurance companies as a license tax for the privilege of doing business in the State. Originally that sort of taxation was confined to foreign insurance companies (Acts 1852-3, p. 21, sec. 5; Va. Code, 1860, p. 248, sec. 36), but afterwards it was extended to all insurance companies, foreign and domestic, and in that form has passed through various enactments down to the present time. Acts 1871-2, p. 484; Va. Code, 1873, p. 360, sec. 58; Acts 1874, p. 357.

The present Constitution was ordained and established in the light of this legislative construction, and the General Assembly embodied a similar provision in the first tax bill enacted thereunder. Tax Bill, 1902, *supra.*

In *Barbour* v. *Grimsley,* 107 Va. 814, 61 S. E. 1135, this court held that "If a statute . . is of doubtful validity, it will not be declared unconstitutional where it appears that, under the same or similar constitutional provisions, like powers have been conferred by similar statutes which have never been called in question by the courts, nor by two constitutional conventions which have since assembled, but have received the sanction of the Legislature, and the inferior courts of the State, and have been acquiesced in for over half a century by all the departments of the State government. The practical construction thus put upon such acts will be regarded as decisive of their validity." *Brown* v. *Epps,* 91 Va. 726, 21 S. E. 119, 27 L. R. A. 676; *Smith* v. *Bryan,* 100 Va. 199, 40 S. E. 652; *Henrico County* v. *City of Richmond,* 106 Va. 282, 55 S. E. 683, 117 Am. St. Rep. 1001; *Tiller* v. *Excelsior Coal & Lumber Corp., ante,* p. 151, 65 S. E. 507.

But in addition to this long continued legislative usage with respect to the imposition of a specific and graduated license tax on insurance companies, we have direct authority in support of

the constitutionality of acts imposing similar taxation in analogous cases. *Newport News, &c., R. Co.* v. *Newport News,* 100 Va. 157, 40 S. E. 645; *Postal Tel. Cable Co.* v. *Norfolk,* 101 Va. 125, 43 S. E. 207; *City of Norfolk* v. *GriffithPowell Co.,* 102 Va. 115, 121, 45 S. E. 889; *Gordon* v. *Newport News,* 102 Va. 649, 47 S. E. 828; *N. & W. Ry. Co.* v. *Suffolk,* 103 Va. 498, 49 S. E. 658.

The attempt is made, however, to escape the controlling influence of these decisions by the contention that the Convention of 1902, by not incorporating in Art. XIII, sec. 170, the precise language of Art. X, sec. 4, the corresponding provision of the Constitution of 1869 manifested a purpose to change the pre-existing policy of the State in relation to the imposition of tax on licenses.

A comparison of the two provisions shows that the contention is wholly without merit. In substance and legal intendment there is no difference between the two clauses. Section 4, after empowering the General Assembly to levy a license tax on specified occupations, concludes, "and all other business which cannot be reached by the *ad valorem* system." While section 170, without specifically mentioning any business, declares that the General Assembly "may levy a license tax upon any business which cannot be reached by the *ad valorem* system."

It is inconceivable that the shadowy distinction between these sections could have been intended to operate so drastic a change in the long established fiscal policy of the State. On the contrary, if such had been the purpose of the convention, it cannot be doubted that such intention would have been made known in unmistakable language.

The decree of the circuit court is plainly right, and must be affirmed.

*Affirmed.*