# Richmond.

BRADLEY & CO. V. CITY OF RICHMOND.

January 13, 1910.

Absent, Buchanan, J.

1. MUNICIPAL CORPORATIONS—*Ordinances—Publication—Notice—Waiver.*
   One who has had and availed himself of every privilege and
   advantage that he could have enjoyed if a city ordinance had
   been published in the manner required by the city charter
   cannot complain of the want or insufficiency of such publication,
   as he has not been prejudiced thereby. The object of the pub-
   lication is to give notice, and this the party has had.

2. MUNICIPAL CORPORATIONS—*Taxation—License—Ad Valorem System.*
   A municipal corporation, possessing general powers of taxation,
   must determine primarily whether a particular business can be
   reached by the *ad valorem* system, and its discretion in the
   matter cannot be interfered with by the courts except in a case
   of plain deviation from the constitutional requirement. The
   question is one of power and not of policy so far as the courts
   are concerned. In the case at bar the imposition by the city of
   Richmond of a license tax of $800 on the plaintiffs in error, as
   private bankers, cannot be said to be a plain deviation from the
   constitutional requirement.

3. TAXATION—*Licenses—License and Ad Valorem Not Double Taxation.*
   It is not double taxation to impose a license tax on a business,
   and at the same time to tax the capital used by the *ad valorem*
   system.

4. MUNICIPAL CORPORATIONS—*License Tax—Equality and Uniformity.*
   A city ordinance which imposes the same license tax on all in
   the same class does not violate a charter requirement that taxes
   shall be equal and uniform upon all property, real and personal.

5. TAXATION—*Amount—Legislative Discretion—Power of Courts—
   Municipal Corporations.*—The power of taxation, under our sys-
   tem of government, rests with the legislative and not with the
   judicial department, and its province cannot be invaded by the
   courts. Where the power to tax for revenue purposes exists, the
   amount of the tax is in the discretion of the legislative body,

and may be carried to any extent, within the jurisdiction of the State or corporation imposing it, which the will of such State or corporation may prescribe. If the power is exercised in an unwise, unjust or oppressive manner to any particular class, the appeal must be to the justice and patriotism of the representatives of the people, and not to the courts.

6. Municipal Corporations—*License Tax—Ad Valorem System—Section* 170 *of the Constitution.*—A city ordinance imposing a license tax on a private banker and also an *ad valorem* tax on the capital employed in his business is not prohibited by section 170 of the Constitution, which provides for the imposition of license taxes on any business that cannot be reached by the *ad valorem* system.

7. Constitutional Law—*Equality—License Taxes.*—The provisions in the Constitution requiring equality and uniformity of taxation apply only to a direct tax on property, and not to license taxes, which do not admit of a tax strictly equal and uniform in the sense contended for. This is clear from sections 168 and 170 when read together.

8. Municipal Corporations—*License Taxes—Classification—Illegality.* It is competent for a city to classify different occupations for the purpose of imposing license taxes, and, in order to render a classification illegal, the party assailing it must show that the business discriminated against is precisely the same as that included in the class which is alleged to be favored.

9. Municipal Corporations—*Taxation—Notice—"Due Process."*—If, after an assessment of taxes has been made by a city, the taxpayers are notified of a time and place when they may be heard in opposition thereto by a committee of the city council, with a right of appeal to the council by all who feel themselves aggrieved by the action of the committee, this constitutes "due process of law," and a sufficient opportunity to be heard.

Error to a judgment of the Hustings Court of the city of Richmond, affirming a judgment of the police justice, imposing a fine on the plaintiff in error.

*Affirmed.*

The opinion states the case.

*Smith, Moncure & Gordon,* for the plaintiff in error.

*H. R. Pollard* and *George Wayne Anderson*, for the defendant in error.

HARRISON, J., delivered the opinion of the court.

In this case F. S. Bradley complains of a judgment rendered against him by the Hustings Court for the city of Richmond, to which the whole matter of law and fact was submitted, affirming a judgment of the police justice imposing upon him a fine of $25.00 and costs for conducting the business of a private banker without having paid the license tax of $800 assessed against him for the privilege.

The plaintiff in error contends that the council of the city of Richmond did not designate the daily newspaper in which the ordinance imposing the penalty in this case was to be published, and that although published five times in a daily newspaper, as the charter requires, the ordinance is invalid for the lack of that designation. City Charter, sec. 21.

It is by no means clear that this provision of the charter has not been complied with. It is, however, unnecessary to consider that question. The object of requiring publication was to give notice of the ordinance and of its penalty before the penalty was inflicted. The record shows that this end was fully attained. The ordinance was published five times, and the plaintiff in error had notice of it, and appeared by his counsel, as was his right under the ordinance, before the finance committee of the council and asked an abatement of the assessment against him. It is, therefore, apparent that the plaintiff in error was not prejudiced by the alleged failure of the council to designate the paper in which the ordinance was published. He has had and availed himself of every privilege or advantage that he could have enjoyed had the ordinance been published in exact conformity with his present contention.

Every other question raised in the petition for this writ of error has been repeatedly decided by this court adversely to the contention there made.

It is insisted that the ordinances and assessment thereunder

are in conflict with sections 69 and 70 of the city charter. The alleged matter of conflict is that the city has imposed a license tax on the plaintiff in error, as a private banker, and has, at the same time, assessed an *ad valorem* tax on the capital employed in his business.

This action of the city is not in conflict with its charter. There are numerous decisions of this court holding that a municipality possessing general powers of taxation, must determine primarily whether a particular business can be reached by the *ad valorem* system, and its discretion in the matter cannot be interfered with by the courts except in a case of plain departure from the constitutional requirement. The question is one of power and not of policy, so far as the courts are concerned. It cannot be said that the imposition of a license tax on the business of the plaintiff in error is a plain departure from the constitutional requirement. Under similar charters, such action on the part of city councils has been repeatedly sanctioned. *Postal Telegraph-Cable Co.* v. *City of Norfolk,* 101 Va. 125, 43 S. E. 207; *Gordon Bros.* v. *Newport News,* 102 Va. 649, 47 S. E. 828; *N. & W. Ry. Co.* v. *Suffolk,* 103 Va. 498, 49 S. E. 658; *Ins. Co.* v. *City of Winchester, ante,* p. 451, 66 S. E. 84. It is not double taxation to impose a license tax on a business and at the same time to tax the capital used by the *ad valorem* system. *Morgan's Case,* 98 Va. 812, 35 S. E. 448; *Newport News, &c., Co.* v. *Newport News,* 100 Va. 161, 40 S. E. 645; *Norfolk* v. *Griffith,* 102 Va. 115, 45 S. E. 889.

It is further contended that the assessment in question is in conflict with section 69 of the charter, which provides that taxes shall be equal and uniform upon all property real and personal.

The record shows that the plaintiff in error and ten other private bankers were put in the first class and each assessed with a license tax of $800. Such license taxes are not contrary to the provision requiring equality and uniformity if all in the same class are required to pay the same tax. *Ould, &c.* v. *City of Richmond,* 23 Gratt. 464, 14 Am. Rep. 139; *Commonwealth* v. *Moore,* 25 Gratt. 951; *Norfolk* v. *Norfolk Landmark,* 95 Va.

564, 28 S. E. 959; *Morgan's Case, supra; Newport News, &c., Co.* v. *Newport News, supra.*

It is further contended that the ordinance and the action of the council committee under it were unreasonable, and on this account invalid.

The power of taxation, under our system of government, rests with the legislative and not with the judicial department, and its province cannot be invaded by the courts. Where the power to tax for revenue purposes exists, the amount of the tax is in the discretion of the legislative body, and it may be carried to any extent within the jurisdiction of the State or corporation which imposes it which the will of such State or corporation may prescribe. If the power is exercised in an unwise, unjust and oppressive manner to any particular class, the remedy, within constitutional bounds, is by an appeal, not to the courts, but to the justice and patriotism of the representatives of the people. *Ould, &c.* v. *Richmond, supra; Com'th* v. *Moore, supra; Norfolk* v. *Norfolk Landmark, supra; Woodall* v. *Lynchburg* 100 Va. 318, 40 S. E. 915.

It is further insisted that the ordinance and assessment are invalid because in conflict with section 170 of the Constitution of Virginia, providing for the imposition of license taxes on any business that cannot be reached by the *ad valorem* system.

In answer to this contention, we need only cite, without comment, the recent case of *Insurance Co.* v. *Winchester, supra.*

The position is taken that the ordinance and assessment are invalid because in conflict with section 168 of the State Constitution, which provides that all taxes, whether State, local or municipal, shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax.

The provisions in the Constitution requiring equality and uniformity of taxation apply only to a direct tax on property, and not to license taxes, which do not admit of a tax strictly equal and uniform in the sense contended for. *Helfrick's Case,* 29 Gratt. 844. When sections 168 and 170 of the Constitution are read together it is clear that it was not intended to include a

license tax upon a business in any of the provisions speaking of taxes on property. It was competent for the council to assign private bankers to different classes, and the plaintiff in error was required to pay no greater license tax than all others in the same class with himself. In order to render the classification illegal, the party assailing it must show that the business discriminated against is precisely the same as that included in the class which is alleged to be favored. *Norfolk, &c.,* v. *Norfolk,* 105 Va. 139, 52 S. E. 851. This has not been shown in the present case. On the contrary, it appears that the business of the plaintiff in error is not precisely the same with that of other private bankers who are put in a different class and assessed with a less license tax.

Lastly, it is contended that the ordinance and the assessment are in violation of the State and Federal Constitutions guaranteeing due process of law.

Chapter 13, sec. 15, of the City Code, provides that the finance committee, after making the classification, shall return the same to the auditor on or before the first day of April, who is required promptly to give notice by due advertisement in two or more papers that such classification is lying in his office open to inspection, and that at times and places therein to be specified the committee will meet to hear all persons complaining of the assignment made of themselves, but further providing the right of appeal to all persons feeling themselves aggrieved by the action of the committee to the council of the city of Richmond. This remedy has been held to give the party aggrieved sufficient opportunity to be heard, and the plaintiff in error has availed himself of it. *Ould & Carrington* v. *City of Richmond, supra.* See also *King* v. *Portland,* 184 U. S. 61, 46 L. Ed. 431, 22 Sup. Ct. 290; *Telephone, &c., Co.* v. *Los Angeles,* 211 U. S. 265, 53 L. Ed. 176, 29 Sup. Ct. 50.

There is no error in the judgment complained of and it is affirmed.

*Affirmed.*