# Richmond.

## POCAHONTAS CONSOLIDATED COLLIERIES CO., INC., v. COMMONWEALTH.

### January 18, 1912.

1. TAXATION—*Tax on Deeds—Privilege Tax—Uniformity—Classification of Deeds—Constitutional Law.*—A tax on the recordation of a deed is not a tax on property, but a tax on the civil privilege of being allowed to avail oneself of the benefits and advantages of the registration laws of the State. Such a privilege is a proper subject of taxation, and the only constitutional limitation on the power of the legislature to impose the tax is that the classification shall be reasonable, and the tax uniform upon the subjects of each class.

2. TAXATION—*Tax on Trust Deeds—Amount—Time of Payment—Land in Another State Conveyed—Privilege Tax.*—The tax on a deed of trust or mortgage to secure bonds is regulated in amount by the amount of the bonds secured thereby, and the payment of the full amount of the tax is a condition precedent to the right to have the deed recorded, although some of the bonds are not to be issued till a future day. The statute, which is a valid exercise of legislative power, makes no provision for the collection of any part of the tax after the deed has once been admitted to record. As the tax is a privilege tax, and not a tax on property, and the amount thereof is fixed by the amount of the bonds secured, it is immaterial that a large part of the land conveyed as security lies in another State. The tax is not diminished on that account.

3. TAXATION—*Tax on Trust Deeds—Privilege Tax—Classification of Corporations—Constitutional Law.*—The statute which puts internal improvement companies whose lines are only partly in this State in one class, and all other grantors in deeds of trust and mortgages in another, and fixes the same rate of taxation on deeds of trust and mortgages made by both classes, but requires the former to pay only such portion of such tax as the number of miles of the line in this State bears to the whole number of miles of line conveyed by the deed, is a valid exercise of legislative power.

Error to a judgment of the Circuit Court of the city of Richmond, on a petition filed to have refunded a portion of the tax paid under

protest on the recordation of a deed of trust.    Judgment for the Commonwealth.    Petitioner assigns error.

*Affirmed.*

The opinion states the case.

*Henry & Graham,* for the plaintiff in error.

*Samuel W. Williams, Attorney- General,* and *Richard B. Davis,* his assistant, for the Commonwealth.

Cardwell, J., delivered the opinion of the court.

The Pocahontas Consolidated Collieries Company, Incorporated, filed its petition in the Circuit Court of the city of Richmond, to have refunded to it $13,295.64, being a part of a tax of $20,000 which the petitioner claims to have been erroneously demanded by, and which it paid to, the clerk of the Circuit Court of Tazewell county involuntarily and under protest.

The facts are as follows:    The Pocahontas Collieries Company and the Pocahontas Collieries Co., Inc., corporations under the laws of the State of Virginia, on the 10th day of June, 1907, by joint agreement between the said companies, became merged and consolidated into one company, under the name of the Pocahontas Consolidated Collieries Company, Incorporated.    By the terms of the merger agreement, all of the property of both companies was conveyed to and vested in the new company, and it was therein provided that the new company should create a mortgage upon all of its real estate, including mineral and mining rights, etc., to secure an issue of twenty million dollars of five *per cent.* gold bonds, of convenient denominations, payable in forty to fifty years from July 1, 1907, and redeemable at the option of the corporation, in whole or in part, at one hundred and five *per cent.* and accrued interest, on any interest day, upon the call of the trustee named in the mortgage.

Pursuant to said agreement of merger, the consolidated company executed a mortgage or deed of trust, bearing date the 1st day of July, 1907, conveying all of its property, rights, etc., to the New York Trust Company, as trustee, to secure the payment of an issue of bonds to the aggregate amount of $20,000,000.    The form

of bond to be executed and issued under the deed is set out in the deed itself, and contains the following declaration: "This bond is one of a series of bonds amounting in the aggregate of their principal to twenty million dollars ($20,000,000), or 4,109,729 pounds sterling, 15 shillings, 8½ pence, or 103,626,943 francs, or 84,033.45 marks, all of which bonds are issued and to be issued under and equally secured by a deed of trust, dated the first day of July, 1907, duly executed by the company to the New York Trust Company, as trustee, conveying all of its real estate, whether held as leaseholds or in fee, and the improve- ments and fixtures thereon, including machinery and tools, and said company's franchises, now owned or hereafter acquired, as therein described, to all which provisions of which deed of trust this bond is subject."

The deed of trust expressly provides also that all of the bonds therein mentioned are to be secured by the lien thereby created, and conveys the property, "in trust, nevertheless, for the equal *pro rata* benefit and security of all and every the persons, firms, and corporations who may be or become the holders of the said bonds issued or to be issued and secured by and under this deed of trust, without preference, priority, or distinction as to lien or otherwise, of any one over another by reason of priority in the time of issuing or negotiating the same, so that each and all of the said bonds issued and to be issued, as aforesaid, shall have the same right, lien, and privilege under and by this deed of trust, and shall be equally secured thereby, with like effect as if they had all been made, executed, delivered, and negotiated simultaneously on the date of the execution hereof."

Said deed, after being properly executed, was presented to the clerk of the Circuit Court of Tazewell county for recordation under the registry laws of the State, when the clerk ascertained and fixed the tax thereon at the sum of $20,000, that being the amount prescribed by the statute on the full amount of $20,000,000 face value of the bonds issued or to be issued under and secured by the deed. Objection was made to the amount of the tax so ascertained and fixed, and the parties in interest communicated both with the Auditor of Public Accounts and the Attorney-General of the State, as to the correctness of the tax required by the clerk, and,

upon being informed by these State officers that the ruling of the clerk as to the amount of the tax was correct, they afterwards, on the 9th of September, 1907, delivered the deed to the clerk for recordation, and paid to him the said amount of $20,000, which the clerk paid into the  treasury of the State in the mode prescribed by law.   Upon the payment of the amount of the tax to the clerk the grantor took from him a receipt, setting forth at much length the grounds of protest against being required to pay the said amount of tax.   Subsequently demand was made upon the Auditor of Public Accounts for the refunding to the grantor in said deed of trust the sum of $13,295.64, a portion of the $20,000 tax paid into the treasury through the clerk, and the right to have the amount demanded refunded being denied by the Auditor, this proceeding was instituted, under the provisions of section 765 of the Code of 1904.

Upon the hearing of the cause upon the petition and exhibits therewith filed, the demurrer and answer of the Auditor thereto, etc., the circuit court entered the order from which this appeal is taken, denying the prayer of the petition and dismissing the same.

We do not deem it necessary to decide whether or not the tax in question was, in contemplation of law, voluntarily paid by the appellant, or under protest, for if the tax, as held by the circuit court, was legally assessed and demanded, appellant is not entitled to have it, or any part thereof, refunded.

Nor do we understand appellant as contending that the State was without power or authority to impose a tax upon the recordation or registry in the several clerk's offices in the State of deeds of trust or other instruments securing the payment of money, and to fix the amount of the tax, and how and when to be paid, but that its contention is (1) that in requiring the payment of a tax upon a deed of trust securing bonds issued or to be issued under it, based upon the amount of the entire issue of bonds secured by the deed, instead of upon the amount of the issue of bonds presently to be made, section 168 of the Constitution of the State has been violated; and (2) that, inasmuch as about two-thirds of the property of appellant conveyed in its deed of trust is located in West Virginia, and only about one-third in this State, to impose a tax fixed upon the entire issue of bonds secured by the deed, presently and

thereafter to be issued, amounts *pro tanto* to a tax upon that part of the property conveyed which lies outside of this State, and violates both section 168 of our Constitution and the Fourteenth Amendment to the Constitution of the United States.

In the first place, this is not a tax upon property, either within or out of the State, but a tax upon a civil privilege, that is, for the privilege of availing, upon the terms prescribed by statute, of the benefits and advantages of the registration laws of the State. Therefore, the numerous authorities cited and ably presented and argued by the learned counsel for appellant, in support of the contention that the assessment and collection of the tax in question violated the said provision of the Constitution of the United States, have no sort of bearing upon the issue in this case.

While we have no decision by this court directly holding that a tax on the recordation of a deed is not a tax on property, in an analogous case, *Eyre* v. *Jacobs, Sheriff*, 14 Gratt. (55 Va.) 422, 73 Am. Dec. 367, the court held that a collateral inheritance tax upon the succession or transmission of property is a tax upon a civil right or privilege, and not a tax on property.

Whether the tax on the recordation of a deed conveying property to the United States was a tax on property that could not be enforced against the United States, or a tax upon a mere civil right, which could be so enforced, was a question presented to Hon. A. H. Garland, the then attorney-general of the United States, in October, 1887, and he advised that the tax was not upon property, but upon a civil right, and directed the payment of the tax. Opinions of Attorney-General of U. S., Vol. 18, p. 491.

The foregoing are all the authorities to which we have been cited, or that we have been able to find, having any bearing upon the question which we are now considering, and doubtless the dearth of authority, especially in this State, is due to the fact that the contentions of appellant with respect to this question have never before been seriously urged upon the court.

A tax on property is measured in its assessment and collection in the mode prescribed by statute, while a tax upon a license or civil privilege is imposed and fixed as to amount by classification of the persons or subjects required to pay the tax; and the powers of the legislature to impose the latter tax, to fix the amount thereof,

and to classify the subjects upon which the tax is imposed, are well-nigh unlimited, so long as the classification is reasonable.

"The power of the State to distinguish, select, and classify objects of taxation, has a wide range of discretion. Classification must be reasonable, but there is no precise application of the rule of reasonableness, and there cannot be an exact exclusion or inclusion of persons and things." 1 Cooley on Taxation (3d ed.), p. 79, and note.

The Supreme Court of the United States, in the case of *Nicol v. Ames*, 173 U. S. 509, 19 Sup. Ct. 522, 43 L. Ed. 786–'94, said: "The question always is, when a classification is made, whether there is any reasonable ground for it, or whether it is only and simply arbitrary, based upon no real distinction, and entirely unnatural. * * * If the classification be proper and legal, then there is the requisite uniformity in that respect."

The constitutional provision in this State relative to taxation is as follows:

"Sec. 168. All property, except as hereinafter provided, shall be taxed; all taxes, whether State, local, or municipal, shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws."

This court held in *Bradley* v. *Richmond*, 110 Va. 521, 66 S. E. 872, that the foregoing provisions in the Constitution, requiring equality and uniformity of taxation, apply only to a direct tax on property, and not to license taxes, which do not admit of a tax strictly equal and uniform; and very clearly the privilege of record-ing deeds, wills, and other written instruments, and thereby secur-ing the benefits and advantages of the registration laws of the: State, like the privilege of conducting a business, is necessarily to be considered a proper subject of taxation, with the only con-stitutional limitation upon the power of the legislature to impose the tax, that it shall be uniform upon the subjects of each class. *Slaughter* v. *Commonwealth*, 13 Gratt. (54 Va.) 774; *Eyre* v. *Jacobs*, *supra; Miller* v. *Commonwealth*, 27 Gratt. (68 Va.) 110.

The statute under which the tax complained of in this case: was demanded and paid, so far as applicable, is as follows: "And on deeds of trust or mortgages, the tax shall be assessed and paid

upon the amount of bonds or other obligations secured thereby"; and provided further that, "on deeds of trust or mortgages upon the works and property of a railroad or other internal improvement company, lying partly in this State and partly in another State, the tax shall be upon such proportion of the consideration as the number of miles of the line of such company in this State bears to the whole number of miles of the line of such company conveyed by such deed."

Here we have a classification made which puts internal improvement companies, whose line is partly in Virginia and partly in some other State, in one class, and all other grantors in trust deeds or mortgages in the other class. The rate of taxation is the same in all cases, and the tax is uniform upon the same class of subjects. That the legislature intended to make the classification so plainly appearing in the statute is too clear to admit of discussion, and that the classification for the purpose of taxation is valid seems equally as clearly settled by the decisions of this court. In fact, it seems that appellant does not deny the right of the legislature to make such classification, but denies that the classification has been made. As we have seen, the classification clearly appears upon the face of the statute, *supra,* and that similar classification of persons and subjects for the purposes of taxation have been held by this court valid and proper, see *Bradley* v. *Richmond, supra; Insurance Co.* v. *Winchester,* 110 Va. 451, 66 S. E. 84; *Woodall* v. *Lynchburg,* 100 Va. 318, 40 S. E. 915; *Ould* v. *Richmond,* 23 Gratt. (64 Va.) 464; *Eyre* v. *Jacobs, supra.*

The reasonableness of the assignment in the statute of railroads and other internal improvement companies to a special class, for the purpose of taxing the recordation of their deeds and mortgages, given as security for the payment of indebtedness, and all other grantors in such conveyances to another class, is made very plainly to appear when we consider, along with others, the fact that it is made, by statute, a matter of public record, the number of miles of railroad, or of a telephone or telegraph line, and the value of each mile thereof for taxable purposes, lying within this State, which is owned by a grantor in a deed of trust or mortgage, and conveyed thereby; while there would be no way of ascertaining, even approximately, the value or location of

the property, rights, etc., of a mining corporation, such as the appellant company, conveyed by it to secure the payment of its indebtedness.

It is, however, urged upon us by the learned counsel for appellant that only $6,000,000 of the bonds secured by the deed in question were to be presently issued, and the remaining $14,000,000 were only to be issued and negotiated for the purchase of property, and certain specified purchases of the company, at a future time; and, therefore, the tax required on the recordation of the deed should have been computed only upon the $6,000,000 of bonds to be immediately issued.

Not only is there no language employed in the statute which could be so construed as to afford a foundation for such a contention, but the deed prescribed the form of the bond to be issued, and it was upon its face to be stated: "This bond is one of a series of bonds, amounting in the aggregate of their principal to $20,000,000," etc.; and the conveyance of the property, etc., of the company was expressly in trust "for the equal *pro rata* benefit and security of all and every the persons, firms, and corporations who may be or become holders of the said bonds, issued or to be issued," etc.; so that each and every bond in the series aggregating the $20,000,000 was, within the contemplation of the statute, secured by the deed; and, therefore, the tax properly to be assessed and received by the clerk, as a condition precedent to the admission of the deed to record, was the amount prescribed by the statute upon the aggregate amount of the bonds secured by the deed—to-wit, $20,000,000—making the tax thereon $20,000, as the clerk demanded and received.

If the view of the statute taken by appellant be correct, and the clerk had demanded and received a tax measured by the bonds secured, but only presently to be issued, and the remaining $14,000,000 secured by the deed, or any part thereof, were thereafter issued, how and when would the tax on the deed, with respect to the bonds issued subsequent to its recordation, be collected, and by whom? Certainly there is no provision in the statute for the assessment or collection of such a tax, and no hand appointed to receive it, even if a voluntary payment thereof were offered. On the contrary, the statute imposes imperatively upon the clerk

to whom the deed is presented for recordation the duty to assess and collect a tax thereon, and as a condition precedent to the admission of the deed to record, fixed only by the amount of bonds or other obligations secured thereby.

We are of opinion that the judgment of the circuit court complained of is right, and it is, therefore, affirmed.

*Affirmed.*