E. T. ARNOLD, et als., v. BOARD OF EDUCATION OF CAPON DISTRICT, HAMPSHIRE COUNTY

(No. 6868)

Submitted January 20, 1931. Decided January 27, 1931.

*L. V. Thompson*, and *Charles N. Finnell*, for appellant.
*McCauley, Zimmerman & McCauley*, for appellees.

LIVELY, JUDGE:

The decree of August 8, 1930, complained of, overruled defendant's demurrer to the bill and amended bill, sustained plaintiff's objection to the answer tendered and filed by defendant as presenting no legal defense, and perpetuated the temporary injunction theretofore issued.

The purpose of the bill is to enjoin defendant from levying a tax upon the residents of Capon District of Hampshire County for the support of a high school which has never been established. It is charged that the defendant is proceeding to make such levy without legal authority therefor and that its act in so doing would be *ultra vires* and illegal. The bill charges, in substance, that the Board, unless enjoined will levy a tax for the maintenance and support of an alleged joint district high school which has no legal existence. It

appears that about the year 1917 or 1918 the proposition of the establishment of said high school was submitted to the votes of the people of Capon District, and was overwhelmingly defeated; that later, a joint grade school was established by defendant and the board of education of another district acting jointly, and that later, the grade school was elevated to a junior high school under authority of law; but later, in about the year 1925, the board added high school studies and employed teachers and provided means for the maintenance of a high school, and in that year, levied and collected for high school teachers and high school maintenance, a tax of 25c on the one hundred dollars; and in the years from 1926 to 1929, levied and collected high school taxes, gradually increasing each year and amounting to 83c on the hundred dollars valuation in the year 1929, all of which yearly tax was illegal, and the bill alleges that unless enjoined, the board will, at its meeting on the fourth Tuesday in August, of the year 1930, levy a similar tax for the same purpose for the school year of 1930-31. In short, the substance of the complaint is that the board is proposing and will levy an illegal tax for the support of a joint district high school which has never been established.

The demurrer set up laches on the part of plaintiffs as shown by the bill in not proceeding earlier to assert their right; the argument thereon being that because they did not enjoin the taxes levied in the years 1925 to 1929, they are now estopped from asserting their right at this late date to prevent further illegal levies.

The answer admits that the joint high school was never established by a vote of the people; and avers that the Board has never by order entered of record elevated the graded school to a joint high school, but that in about the year 1926, the state board of education recognized and classed it as a high school of first grade, and that since that time taxes have been levied for its maintenance, operation and support, and therefore it would be inequitable for a court to prevent its continuance as such until a further vote of the people could be had upon the question of the establishment of the school, which defendant proposed to submit if the court would per-

mit it to lay the levy and keep the school in operation. The answer also says that if the tax for maintenance and support of the high school be not levied, the board will be required to levy a more severe tax to pay the tuition of high school students who might attend other high schools outside of the district, the statute being that a board of education which does not maintain a high school shall levy an estimated amount to pay tuition of pupils of the district who desire to attend high schools elsewhere.

The case presents little difficulty. It is clear from the pleadings that a joint high school has not been established in the manner prescribed by law. It has no legal existence. A tax for its maintenance and support is an illegal tax, and equity will always interpose to prevent levying and collection of an illegal tax. Such a tax is burdensome and oppressive in the eyes of the law whether it be great or little. In cases of this character, equity will, by conjunction, prevent the present wrong and provide a remedy which can reach the whole mischief and secure the rights of all, both for the present and future, and its jurisdiction to do so is well established. *Bull* v. *Read,* 13 Gratt. 78; *Christie* v. *Malden,* 23 W. Va. 667.

The answer is in the nature of a confession and avoidance. By that answer, the court is asked to recognize, for the time being, the existence of the high school and let it continue by illegal levy until it can be legally established, or until an opportunity for that effort is afforded. In other words, defendant is seeking the court to recognize, at least for the time being, the existence of a high school which has never been brought into existence in the manner prescribed by law. It is with the taxpayers to say whether or not they shall have a high school, and to establish it by indirection, or "evolution", as it was called in argument, would be a subversion of the rights of the people accorded to them by the statute. Any board could thus avoid, and render inoperative, this mandatory statute. It is a well settled maxim that "equity follows the law." By permitting such levy to be laid and the consequent continuance of the high school would be a recognition and confirmation of an *ultra vires* act of the board. A quotation from 10 R. C. L., page 382, section 132, is ap-

ropós: "Courts of equity can no more disregard statutory and constitutional requirements and provisions than can courts of law. They are bound by positive provisions of a statute equally with courts of law, and where a transaction, or a contract, is declared void because not in compliance with express statutory or constitutional provisions, a court of equity cannot interpose to give validity to such transaction or contract, or any part thereof. So wherever the rights or the situation of parties are clearly defined and established by law, whether it be common or statutory, equity has no power to change or unsettle those rights or that situation, but in all such instances the maxim, *equitas sequitur legem,* is strictly applicable."

Both the demurrer and answer interposed laches on the part of plaintiffs, twenty in number, who are suing for themselves on behalf of all of the other taxpayers of the district. We fail to perceive the application of the doctrine of laches to estop them. If the litigation involved directly or indirectly the collection of the illegal levies which were made in the years 1925 to 1929, inclusive, there might be some reason for estoppel by laches. Each year, plaintiffs would have the right to interpose objection to the continued levy. Each year stands on its own basis so far as their right of prevention is concerned. Because they did not, in the year 1925, enjoin the levying or collection of the 25c on the hundred dollars for the maintenance and support of this alleged high school would not prevent them from enjoining levies in the year 1930 of 83c for the same purpose. The failure to enjoin an illegal tax assessed for one year would not estop them on the ground of laches from enjoining the assertion or levying of a similar tax for another year. The doctrine of laches came into being for the purpose of exacting of a complainant fair dealing with his adversary. Experience demonstrated that after great lapse of time, death of parties, loss of evidence and the like, there was danger of doing injustice, because of the changed conditions with respect to the party sued, and that there could be no longer a safe determination of the controversy. Such were some of the reasons which brought the doctrine of laches. No such considerations ap-

ply here. *Stone* v. *Gardner*, 20 Ill. 304; *Jameson* v. *Rixey*, 94 Va. 302, 64 A. S. R. 726. In *Armour & Co.* v. *City of Richmond*, 118 Va. 217, a license tax had been imposed by an invalid ordinance. Armour & Company had paid the tax without protest for a number of years. They afterwards attacked the legality of the tax and the court held that its former payments, without protest, did not estop it from resisting payment of a further tax under the invalid tax ordinance.

The demurrer was properly overruled, and the answer interposing no legal defense to the bill, the decree of the lower court was without error. The perpetuation of the temporary injunction is affirmed.

*Affirmed.*