# Richmond

## VIRGINIA PUBLIC SERVICE COMPANY V. COMMONWEALTH OF VIRGINIA.

March 2, 1942.

Record No. 2481.

Present, All the Justices.

The opinion states the case.

*E. Randolph Williams, T. Justin Moore* and *H. W. Anderson, Jr.,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *W. W. Martin, Assistant Attorney-General,* for the Commonwealth.

GREGORY, J., delivered the opinion of the court.

The Virginia Public Service Company filed its application under section 410 of the Tax Code for a refund of certain recordation taxes required of it by the clerk of the Corporation Court of the city of Alexandria for the recordation of a certain deed or indenture of lease. The trial court decided adversely to the petitioner, and from its order refusing the refund a writ of error was granted.

The correctness of the decision of the trial court turns on the meaning of a part of section 121 of the Tax Code. The pertinent language of that section follows:

"On every contract relating to real or personal property, except as hereinafter provided, which is admitted to record, the tax shall be twelve cents on every hundred dollars or fraction thereof of the consideration or value contracted for; provided, however, that the tax for recording a deed of lease for a term of years shall be taxed according to the provisions of this section, except where the annual rental, multiplied by the term for which the lease runs, equals or exceeds the actual value of the property leased, then the tax for recording the deed of lease shall be based upon the actual value of the property at the date of lease."

It is also necessary to construe the indenture or deed of lease and determine whether it properly belongs under the first or general provision of the quoted part of section 121, or whether it belongs under the latter portion of that section.

The trial court has held that the instrument is taxable under the first or general provision, viz:- "On every contract relating to real or personal property, except as hereinafter pro-

vided, which is admitted to record, the tax shall be twelve cents on every hundred dollars or fraction thereof of the consideration or value contracted for." The value contracted for was expressed at an estimated $2,000,000; therefore the lower court approved the action of the clerk in determining the tax at $2,400 and collecting it at the time of recordation.

The position of the petitioner is that the instrument should have been taxed under the latter part of the quoted language, to-wit: "Provided, however, that the tax for recording a deed of lease for a term of years shall be taxed according to the provisions of this section, except where the annual rental, multiplied by the term for which the lease runs, equals or exceeds the actual value of the property leased, then the tax for recording the deed of lease shall be based upon the actual value of the property at the date of lease." The agreed value of the property at the date of lease was $10,000, while the annual rental multiplied by the term for which the lease runs greatly exceeded the actual value of the property at the time of the lease. The petitioner therefore contends that the proper tax should have been computed on the agreed value of $10,000 at twelve cents on the hundred, which would result in a tax of only $12 instead of the $2,400 arrived at and required by the clerk.

The quoted portion of section 121 of the Tax Code is plain and unambiguous. Reduced to simple terms it provides that on every contract relating to real or personal property, except as thereinafter provided, which is admitted to record, the tax shall be 12 cents on every $100.

The latter portion or exception in the statute means that the tax for recording a deed of lease for a term of years, where the annual rental, multiplied by the term for which the lease runs, equals or exceeds the actual value of the property leased, shall be based upon the actual value of the property at the date of the lease.

Thus it is quite clear that the first part of the section gives the rule for assessing recordation taxes on all contracts relating to real or personal property while the latter part takes

from the prior general provision (and provides a different rule for computing the tax) all deeds of lease where the aggregate rental exceeds the actual value of the property at the date of the lease. In that event the tax is computed upon such actual value and not upon the rental returns or "consideration or value contracted for."

The case was submitted upon an agreed statement of fact which was reduced to writing. The tax was paid under protest, and the instrument was recorded. The tax was based upon the "value of the property covered under said Indenture" which was $2,000,000.

Paragraph 6 of the agreed stipulation reads as follows: "That as will appear from the examination of said Indenture, Exhibit A filed with said petition, the annual rental multiplied by the term of the lease amounts to the sum of $2,388,576 which greatly exceeds the actual value of the real estate described in said Indenture, exclusive of the Power Plant to be constructed thereon, which real estate had an actual value in the sum of $10,000 at the date of said Indenture."

Under these agreed facts the indenture, *if a deed of lease*, is brought under the exception in the statute and the aggregate rentals, as agreed, exceeding the agreed value of the land at the date of the lease, which was $10,000, the tax should be based on that agreed value and not on the $2,000,000, "the consideration or value contracted for." Therefore if we determine that the indenture is a deed of lease, such determination will conclude the case in favor of the petitioner.

■ The indenture is a voluminous instrument. It was executed on December 26, 1939, and the corporate parties are designated as lessor and lessee. The Virginia Public Service Generating Company, a Virginia Corporation, granted, demised, assigned and leased unto the Virginia Public Service Company, a Virginia Corporation, a parcel of land lying in the city of Alexandria, together with certain easements and other rights for a period of twenty years at an aggregate rental of $2,388,576, which the lessee covenanted to pay in monthly installments as rental. The specific amounts of the installments are expressly set forth in the instrument. Thus an estate for years in the parcel of land and the other rights

were granted in consideration of a rental to be paid monthly. Every essential of a valid deed of lease is present. We are bound to conclude that the indenture is a deed of lease.

Does the fact that there are large undertakings provided for in the instrument to be performed in the future render it any the less a lease? Does the fact that the lessor agrees to construct a power plant at some future time on the parcel of land and the fact that the lessee agrees to pay the cost of such plant in monthly installments or rentals destroy the character of the indenture as a lease and convert it into a contract relating to real or personal property? We think not. The indenture is a deed of lease, but it also embraces an obligation on the part of the lessor to construct a power plant on the land. The mere fact alone that there has been imposed upon the lease the lessor's obligation to construct the plant does not destroy the legal effect of the indenture as a lease.

It is argued by the Attorney General, and the court below held, that the sole purpose of the indenture was to secure to the petitioner an additional supply of electric energy for distribution which would have been impossible without the erection of the plant. It might just as well be argued that the plant could not be erected without the essential lease of the land and the other rights. However, the purpose of the instrument is not the test. The test must be found only in the language of the statute which happens to be so clear, that there is little difficulty in its application to the indenture.

Again it is argued that the dominant purpose of the instrument was to provide for the construction of an estimated $2,000,000 power plant and not for the lease of the parcel of land; that the lease of the land was incidental to the main purpose. But as we have already stated, the purpose of the instrument does not determine its character nor operate to change its character. If the indenture is a deed of lease, and we so hold, then the language of the exception in the statute, which is entirely clear, alone controls and, as shown by the agreed facts, the instrument falls under that exception.

The statute says nothing about the purpose of an indenture

or the use to which property may be put. It does not say that a deed of lease in which there are added covenants for unusual or large undertakings shall be taxed at 12 cents on the hundred even if the aggregate rentals exceed the value of the property at the date of the lease. The statute simply says that the "tax for recording a deed of lease" (which must mean *any* deed of lease), where the annual rental multiplied by the term for which the lease runs, equals or exceeds the actual value of the property leased, then the tax shall be based on the actual value of the property at the date of the lease. If the deed of lease fulfils that requirement it must fall in that category regardless of the fact that the deed of lease may contain covenants for the lessor to construct improvements on the land at some future date. To hold otherwise would in effect write into the statute new language which would direct that the character of a deed of lease be converted into a "contract relating to real or personal property."

Here we have a deed of lease for twenty years on a parcel of land valued at $10,000 at the date of the lease. It is agreed that the annual rental, multiplied by the term for which the lease runs exceeds the actual value of the property leased. The tax for recording the deed should be based upon the actual value ($10,000) of the property at the date of lease.

The judgment is reversed, and judgment is now entered for the petitioner for $2,400 less $12, or $2,388, the amount erroneously assessed against it.

*Reversed.*