# Staunton

## E. T. White, Clerk of the Circuit Court of Norfolk County v. Sam Schwartz, et al.

September 8, 1954.

Record No. 4249.

Present, Hudgins, C.J., and Spratley, Buchanan, Miller, Smith and Whittle, JJ.

The opinion states the case.

*J. Lindsay Almond, Jr., Attorney General* and *Frederick T. Gray, Assistant Attorney General,* for the plaintiff in error.

*Norris E. Halpern* and *Calvin W. Breit,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The question for decision on this appeal is whether three deeds of trust which were recorded in the clerk's office of the Circuit Court of Norfolk county were exempt from recordation tax by virtue of § 58-60 of the Code.

The County Trust Company, of Tarrytown, New York, as lender, entered into three building loan agreements with, respectively, Morris Realty Corporation, Lever Realty Corporation and Aiken Realty Corporation, as borrowers, by which the lender agreed to lend a sum of money to each borrower, to be evidenced by one or more notes of the borrower. The money was to be used by the borrower in erecting a number of dwellings on its lots in Norfolk county, described in the agreement, and to secure the payment of the loan the borrower agreed to execute and deliver one or more mortgages as a first lien on the premises, to be in such form and to contain such provisions as counsel for the lender would require, the borrower to pay the cost of the recording thereof. Each agreement contained numerous clauses and provisions defining in detail the duties of the borrower and the rights of the lender, and provided that the notes and mortgages to be executed and delivered should be made subject to all the conditions, stipulations and covenants contained in the agreement.

Each of these agreements was presented to the clerk of Norfolk county for recordation, was duly admitted to record and the recording tax thereon as fixed by § 58-58 of the

Code was paid. These agreements were numbered by the clerk respectively 8043, 8045 and 10088. Immediately after the admission of each agreement to record there was presented for recording and duly admitted to record a deed of trust executed by the borrower conveying to a trustee the identical property described in the agreement to secure the payment of the loan described in the agreement. On each of these deeds of trust, which were respectively numbered by the clerk 8044, 8046 and 10089, each one digit higher than its companion agreement, the clerk collected the tax fixed by § 58-55 of the Code, being at the same rate and in the same amount as the tax paid on the companion agreement.

This tax on the deeds of trust was paid by the borrowers under protest and this proceeding was instituted to obtain a refund of the amount so paid. The petition for refund involved items in addition to the three with which we are now concerned, some of which were withdrawn and others decided adversely to the petitioners and no appeal therefrom was perfected. The trial court held that the instruments numbered 8044, 8046 and 10089, being the three deeds of trust, were exempt from recordation taxes, and the taxes assessed thereon, amounting to $992.70, were ordered refunded to the petitioners, the present appellees, from which order the clerk appeals.

The evidence was certified and the only part of it which is relevant to the present controversy is this:

" * * * Sam Schwartz further testified that the purpose of instruments number 10089, 8044 and 8046 was to give added security and further protect the building and loan agreements numbered 10088, 8043 and 8045, respectively; that these instruments both refer to the identical transaction and were, in fact, one building and loan agreement with added security of a Deed of Trust to secure the construction loans as per the original agreement. * * *."

Section 58-58 of the Code provides that on every contract relating to real or personal property admitted to record there shall be a tax of fifteen cents on each one hundred dollars

or fraction thereof "of the consideration or value contracted for," with a special provision as to deeds of lease. This section gives the rule for assessing recordation taxes on all contracts relating to real or personal property. *Virginia Public Service Co.* v. *Commonwealth,* 179 Va. 371, 373, 19 S. E. (2d) 67, 68.

Section 58-60 of the Code[1] provides (applying its language to the particular instruments here involved) that § 58-55 does not require the payment of any tax for recording a deed of trust which is supplemental to any agreement theretofore admitted to record upon which the recordation tax has been paid, when the sole purpose and effect of the supplemental deed of trust is to convey, set over or pledge real or personal property in addition to or in substitution of the property conveyed, set over or pledged in the agreement, to secure or to better secure the payment of the amount contracted for in the agreement.

The appellant contends that the three deeds of trust numbered 8044, 8046 and 10089, as stated, do not come within the exemption created by § 58-60 and hence are not to be relieved of the tax prescribed by § 58-55.

Appellant argues first that the deeds of trust are not *supplemental* to the agreements *theretofore* admitted to record, but that each deed of trust was executed on the same

---

[1] § 58-60. When supplemental deeds of trust, etc., not taxable.—Sections 58-55, 58-58 and 58-59 are not to be construed as requiring the payment of any tax for the admitting to record of any deed of trust, mortgage, contract, agreement or other writing supplemental to any deed or trust, mortgage, contract, agreement or other writing theretofore admitted to record and upon which the tax herein imposed has been paid, hereinafter called the original instrument, when the sole purpose and effect of the supplemental deed of trust, mortgage, contract, agreement or other writing is to convey, set over or pledge property, real or personal, in addition to or in substitution, in whole or in part, of the property conveyed, set over or pledged in the original instrument, to secure or to better secure the payment of the amount contracted for in the original instrument, but in such case there shall be no tax for the admitting to record of such supplemental deed of trust, mortgage, contract, agreement or other writing. * * * "

day as the corresponding agreement and offered for record simultaneously therewith. We are not impressed with this argument. Each deed of trust is clearly supplemental to its corresponding agreement, as shown both by its terms and by the evidence. The deed of trust adds something to what is contained in its corresponding agreement to carry out, extend and complete the agreement. Black's Law Dictionary, de luxe ed., p. 1681; 83 C. J. S., Supplemental, p. 902. Each deed of trust specifically is made a part of the deed of trust as if set forth therein in full. While the agreement and the deed of trust bear the same date, and are shown to have been admitted to record on the same day, the certificate of the clerk shows that in each instance, the agreement was admitted to record first and the clerk's numbers on the documents likewise show that sequence. Clearly the agreement was "theretofore admitted to record" in relation to the deed of trust.

Appellant insists further that § 58-60 does not apply because in the agreement no property was conveyed, set over or pledged, and, therefore, it cannot be said that the sole purpose and effect of the deed of trust was to convey, set over or pledge property in addition to that conveyed, set over or pledged in the agreement. That construction of the statute is too strained and too narrow. The aim in construing a statute is to find what was meant by what was written, not to find technical grounds for defeating its purpose. When each of the agreements was admitted to record it was taxed under § 58-58 on "the consideration or value contracted for." The consideration or value contracted for in the agreement was the identical consideration or value embraced in the deed of trust and which the deed of trust was executed to secure. In the agreement the borrower agreed to create a lien on its property to secure the repayment of the loan. To that extent it pledged the property described in the agreement. In the deed of trust the borrower conveyed the identical property which it had so contracted to convey to secure payment of the identical sum which it had agreed in

the agreement to borrow. Each instrument referred to the other; the agreement was made a part of the deed of trust; the sole purpose and effect of the deed of trust was to convey the property described in the agreement in trust "to secure or to better secure the payment of the amount contracted for" in the agreement and in accordance with the pledge of the borrower as set forth in the agreement. Both of the instruments referred to the same transaction, related to the same loan and affected the same property. The Commonwealth collected its tax on the only consideration involved in the recording of these instruments when it taxed the recording of the agreement. Having done that, its purpose not to collect the second time on the same consideration for recording the deed of trust was declared by statute, § 58-60, which provided, as applied to the instruments here involved, that there should be no tax on recording the deed of trust, supplemental to the agreement, because its sole purpose and effect was to convey the property according to the agreement in order to secure the payment of the amount contracted for in the agreement.

We do not reach the contention of the appellees that the levying of a recordation tax on both the agreement and the deed of trust would be double taxation forbidden under the Constitution. We have previously held, however, that the recording tax is not a property but a tax on a privilege. *Pocahontas Collieries Co.* v. *Commonwealth*, 113 Va. 108, 112, 73 S. E. 446, 448. And see *Langston* v. *City of Danville*, 189 Va. 603, 609, 54 S. E. (2d) 101, 105.

The judgment appealed from is

*Affirmed.*