## CIRCUIT COURT OF ROCKINGHAM COUNTY

VVB Properties, Inc.

v.

William H. Forst,
State Tax Commissioner

September 18, 1974

Case No. (Law) 5431

BY JUDGE JOSHUA L. ROBINSON

This is a proceeding to correct an allegedly erroneous assessment of recordation tax assessed upon the recordation of two leases. The assessment was made pursuant to Code of Virginia, Section 58–58:

> On every contract or memorandum thereof, relating to real or personal property, except as hereinafter provided, which is admitted to record, the tax shall be fifteen cents on every hundred dollars or fraction thereof of the consideration or value contracted for; provided, however, that the tax for recording a deed of lease for a term of years, or memorandum thereof, shall be taxed according to the provisions of this section, except that when the annual rental, multiplied by the term for which the lease runs, equals or exceeds the actual value of the property leased, then the tax for recording the deed of lease shall be based upon the actual value of the property at the date of lease, but including the value of any realty required by the terms of the lease to be constructed thereon by the lessor.

Taxpayer claims that the recordation should be exempt under Code of Virginia, Section 58–60:

> Sections 58–55, 58–58, and 58–59 are not to be construed as requiring the payment of any tax for the admitting to record of any deed of trust, mortgage, contract, agreement or other writ-

ing supplemental to any deed of trust, mortgage, contract, agreement or other writing theretofore admitted to record and upon which the tax herein imposed has been paid, hereinafter called the original instrument, when the sole purpose and effect of the supplemental deed of trust, mortgage, contract, agreement or other writing is to convey, set over or pledge property, real or personal, in addition to or in substitution, in whole or in part, of the property conveyed, set over or pledged in the original instrument, to secure or to better secure the payment of the amount contracted for in the original instrument, but in such case there shall be no tax for the admitting to record of such supplemental deed of trust, mortgage, contract, agreement or other writing.

The dispute arises out of an integrated transaction between Valley of Virginia Bankshares, Inc., and three of its wholly owned subsidiaries, VVB Properties, Inc., Rockingham National Bank, and The Commercial and Savings Bank, on one hand and Lutheran Brotherhood on the other. Pursuant to a loan agreement between Valley of Virginia Bankshares, Inc., and the Brotherhood, each of the banks conveyed its real estate to VVB Properties, Inc., which leased the properties back to the banks. VVB executed and delivered a deed of trust to secure the loan from Brotherhood, which required recordation and assignment of the leases.

The agreement was consummated by the following documents which were executed and recorded contemporaneously in the following sequence:

1. *Deeds* upon which the recording tax was paid.

   (a) Rockingham National Bank conveyed seven parcels of real estate in Harrisonburg and Rockingham and Augusta counties to VVB Properties, Inc.

   (b) Commercial and Savings Bank conveyed four parcels in Winchester and Frederick County to VVB Properties, Inc.

2. *Leases*

   VVB Properties, Inc., leased each of these properties to the respective banks from which they were acquired.

3. *Deed of Trust* upon which the recording tax was paid.

   VVB Properties, Inc., executed a deed of trust conveying these properties to a trustee to secure payment of its note payable to Lutheran Brotherhood.

4. *Assignments of Leases* upon which the recording tax was not assessed.

As required by the loan agreement between Valley of Virginia Bankshares and the Lutheran Brotherhood, VVB Properties, Inc., assigned its interests in the leases to the Brotherhood to further secure the deed of trust note.

The question presented is whether the leases are exempt from the recording tax under Section 58–60:

> Section 55, 58 and 59 are not to be construed as requiring the payment of any tax for the admitting to record of any . . . agreement or other writing supplemental to any deed of trust . . . *theretofore* admitted to record and upon which the tax herein has been imposed, hereinafter called the *original instrument*, when the sole *purpose* and *effect* of the supplemental . . . agreement . . . is to convey, set over or pledge property . . . in addition to or in substitution . . . of the property conveyed . . . in the original instrument, to . . . better secure the payment of the amount contracted for in the original instrument. (Emphasis supplied.)

The sequences of recordation was: (1) the deeds, (2) the leases, (3) the deed of trust.

Consequently, the leases were not to further secure documents *theretofore* admitted to record but to secure documents *thereafter* admitted to record and are not within the language of a strict construction of the statute. However, the recording was contemporaneous, and this construction may be too strained and narrow to give effect to the legislative intent, see *White* v. *Schwartz*, 196 Va. 316, 320 (1954).

We then turn to whether the "sole purpose and effect" of the leases was to further secure the Deed of Trust. In *White* v. *Schwartz, supra,* loan agreements were first recorded upon which the tax was paid; as part of the same transaction, deeds of trust were recorded. Since the deeds of trust merely better secured and gave legal effect to the purpose and requirement of the loan agreement, it created no other new legal rights or duties and was therefore exempt from the tax.

Although, in the case at bar the motive of the parties may well have been only to better secure the deed of trust, the purpose and legal effect thereof was a demise for a term of years, and it created the relationship of landlord and tenant between VVB Properties, Inc., and the respec-

tive Banks. Thus the legal effect of the leases was to create a new relationship between the parties, with its accompanying rights and duties. Recordation of the leases gave legal effect to the relationship insofar as the rights of third parties might be affected, *e.g.*, Code of Virginia § 55–96.

If the leases were not recorded, an assignee of the Brotherhood, without notice, could foreclose free and clear of the leases. Recordation of the leases assures that such an assignee could foreclose only subject to the leases.

The recordation of the leases thus had purposes and (legal) effects in addition to better securing the deed of trust, and the prayer of the petition must be denied.